BOARDMAN, Judge.
This timely appeal involves the propriety of the dismissal with prejudice by the trial court of appellants’ complaint seeking an injunction against the appellees. Appellants, individually, and as residents and taxpayers of Collier County, Florida, (some of whom live within the City of Naples and some of whom live outside the City) brought this suit against the City of Naples, and the Board of County Commissioners of Collier County (County) as the ex-officio governing body of Collier County Water-Sewer District (District) to enjoin the City, County and District from expending tax revenues in furtherance of an alleged illegal agreement entered between said governing bodies dated April 12, 1971.
The complaint alleged that pursuant to the agreement attached to the complaint as an exhibit, the District had illegally executed and delivered to the City certain leases purporting to lease to the City for a term of 99 years facilities constructed and to be constructed by the District within the District for the furnishing of water and sewerage services to residents of the District. The Collier County Commissioners filed their answer to the complaint. However, the City of Naples moved to dismiss the said complaint on the ground that it did not state a cause of action and assigned as reasons in support of its motion that appellants failed to show irreparable injury; that the complaint contained conclusions and opinions of law; that the appellants lacked standing to institute this litigation; and laches. Following a hearing and the submission of briefs, the court entered an order dismissing the cause with prejudice.
Assuming the truth of the allegations pled, we hold that the complaint stated a cause of action. The leasing of the water and sewer systems to the City appears to violate the provisions of Fla.Stat. § 153.-62(3) and (8) (1973) which requires the District to exercise exclusive jurisdiction, control and supervision over its water and sewer systems. Likewise, that portion of the agreement which permits the City to establish rates for the water and sewer services provided from the facilities under the leases appears to constitute an illegal delegation of rate fixing powers which are vested in the District pursuant to Fla.Stat. § 153.62(6) (1973) and § 153.64(1) (1973).
We hasten to point out that we are not passing on any defenses which the City may raise.
Reversed and remanded.
McNULTY, C. J., and GRIMES, J., concur.